JS - 6                                    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MORIS RAHMANI, | ) | Case No. CV 15-07453 DDP (JCx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| ANNA LOPEZ, | ) | |
| Defendants. | ) | |

   Plaintiff Moris Rahmani ("Plaintiff"), owner of 131 West 59th Place, Los Angeles, CA 90003 ("Premises"), filed an unlawful detainer action against Defendant in state court. (Notice of Removal at 12.)  Defendant answered and generally denied each statement of the complaint. (Id. at 15.) Defendant claims that her state and federal rights have been violated because Plaintiff failed to address habitability issues.  Defendant then removed the case to this court pursuant to 28 U.S.C. Section 1441(a).

   Under Section 1441(a), a defendant may remove any civil action brought in a state court over which district courts of the United States have original jurisdiction.  District courts have original jurisdiction over civil actions "arising under" federal law.  28

U.S.C. §1331. Removal based on Section 1331 is governed by the "well-pleaded complaint" rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987). There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 393; See also Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.") (internal quotation, citation, and alteration omitted). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

Plaintiff's complaint does not, on its face, raise a federal question. It merely states an unlawful detainer claim, which falls outside federal question jurisdiction. ERLE Holdings, LLC v. Johnson, No. CV 10-06861 MMM (RZx), 2010 WL 4393268, *3 (C.D. Cal. Nov. 1, 2010); See also IndyMac Fed. Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint only contained an unlawful detainer claim); See also Galileo Fin. v. Miin Sun Park,

1  No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D.Cal. Sept.24,
2  2009)(holding that no basis for federal question jurisdiction
3  exists because complaint only asserts a claim for unlawful
4  detainer).  Defendant contends she is entitled to remove the action
5  to federal court because the Complaint was artfully pled as an
6  unlawful detainer action instead of as an action under the
7  Protecting Tenants at Foreclosure Act ("PTFA"). (Id. at 2.)  While
8  PTFA may be raised as a defense in state eviction proceedings, it
9  does not provide a basis for offensive suits in federal court.
10 Logan v. U.S. Bank Nat. Ass'n., 722 F.3d 1163, 1173 (9th Cir.
11 2013).  As discussed above, a federal law defense to a state law
12 claim is not sufficient to create federal jurisdiction.
13 See, e.g., U.S. Bank Nat. Ass'n v. Smith, No. 2:15 CV 01790 ODW,
14 2015 WL 3465507, at *2 (C.D. Cal. June 1, 2015); HSBC Bank USA v.
15 Santiago, No. CV 10-04127, 2011 WL 165382, at *1-2 (C.D. Cal. Jan.
16 18, 2011).

    This court lacks subject matter jurisdiction over Plaintiff's
Complaint, and therefore remands this case to state court.

IT IS SO ORDERED.

Dated: June 30, 2016

                                    DEAN D. PREGERSON
                                    United States District Judge

3